PER CURIAM.
¶1 Antonio Cotton appeals a circuit court judgment convicting him of possession of a firearm by a felon and possession of cocaine with intent to deliver. Cotton argues that the affidavit in support of the warrant used to search an apartment he occupied failed to establish probable cause for the search. We disagree and conclude that the affidavit was sufficient.[1] Cotton also argues that police exceeded the scope of the warrant by searching a truck without reason to believe the truck was associated with Cotton. We conclude that the legality of the truck search is moot and, therefore, do not address the merits of that issue. We affirm.
BACKGROUND
¶2 According to the warrant affidavit, a Milwaukee police officer was contacted by a source with information about someone named "Tone." The officer believed the source to be reliable and credible. However, the officer chose not to disclose the source's identity in order to preserve the source's usefulness and to avoid discouraging other citizens from coming forward with information.
¶3 The affidavit stated that the source knew "Tone" to be a convicted felon who was prohibited from possessing a firearm. Further, within the past fourteen days, the source had been inside a residence located at 4903 North 39th Street, apartment #13 in Milwaukee and had observed "Tone" holding a firearm inside the residence. The source also observed "Tone" entering and exiting the residence numerous times with a firearm. In addition, the source stated that "Tone" lived at the residence, and that the firearm belonged to "Tone." The source described the firearm as a black semi-automatic pistol.
¶4 According to the affidavit, the source also knew that "Tone" conducted narcotic transactions of cocaine base and, within the previous five days, the source had observed "Tone" weighing and selling cocaine base for distribution at the 39th Street residence. The source stated that "Tone" had sold cocaine base for the past year on a daily basis.
¶5 The affidavit further stated that an officer determined that "Tone" was Antonio Cotton by searching police data bases. The officer obtained the most recent booking photograph of Cotton and showed it to the source, who identified the person in the photograph as "Tone." The officer also conducted surveillance at the 39th Street address and observed Cotton exiting the rear door of the apartment building. Additionally, the officer confirmed the existence of an apartment #13 in the building. The officer also checked online court records and ascertained that Cotton had a prior felony conviction for manufacture or delivery of cocaine. Finally, the officer confirmed that the source knew the difference between semi-automatic weapons and other types of weapons, including non-firearm weapons such as compressed air guns.
¶6 Based on all of this information in the warrant affidavit, the police obtained and executed a warrant to search apartment #13 of the 39th Street residence and all vehicles associated with the residence. In executing their search of the apartment, police officers found Cotton alone inside along with a number of incriminating items, including a black semi-automatic pistol, cocaine, marijuana, a digital scale, a wallet with Cotton's identification, and $ 522 in cash. The officers also searched a truck in which they discovered marijuana. Cotton moved to suppress all evidence obtained pursuant to the warrant. The circuit court denied the motion, after which Cotton was convicted and sentenced based on his guilty plea.[2]
DISCUSSION
¶7 Cotton first argues that the affidavit in support of the warrant failed to establish probable cause to search the 39th Street apartment. We give "great deference to the warrant-issuing judge's determination of probable cause, and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." See State v. Romero , 2009 WI 32, ¶18, 317 Wis. 2d 12, 765 N.W.2d 756 (citation omitted). The warrant-issuing officer's task
is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ..., including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Id. , ¶19 (internal quotation marks and citations omitted; ellipsis in Romero ). However, "facts must be brought to the warrant-issuing officer's attention to enable the officer to evaluate either the credibility of the declarant or the reliability of the particular information furnished." Id. , ¶21.
¶8 Cotton argues that the warrant affidavit failed to establish the reliability of the confidential source, either by establishing a "favorable track record" or by sufficient police corroboration of the information the source provided here. Cotton argues that the affidavit contained insufficient details about the source's basis of knowledge, and that police corroboration of the source's information was negligible. We disagree. When we consider the totality of the circumstances set forth in the affidavit and give, as we must, "great deference" to the warrant-issuing official, we conclude that the affidavit was sufficient to establish probable cause to search the 39th Street apartment.
¶9 First, the source's identity, although kept confidential, was known to police. Thus, the source faced the risk of prosecution if the source provided the police with false information. Further, the officer submitting the affidavit believed the source to be reliable.
¶10 Second, the source provided detailed information, based on personal observation and knowledge, of both recent and ongoing criminal activity by Cotton, including significant illicit activity at the apartment. This information included the source's report of "Tone" holding a black semi-automatic pistol inside the apartment within the previous fourteen days; "Tone" coming and going from the apartment numerous times with a firearm; "Tone" handling and selling cocaine at the apartment within the previous five days; and "Tone" selling cocaine on a daily basis for the past year.
¶11 Third, the police corroborated several pieces of information the source provided. An officer determined that "Tone" and Cotton were the same person by searching a police data base and showing a photograph of Cotton to the source, who positively identified Cotton as "Tone." In addition, the officer confirmed Cotton's connection to the apartment by surveilling the building and observing Cotton leave through a rear door, and the officer confirmed there was an apartment #13 in the building. The officer also confirmed that Cotton was a convicted felon with a prior offense for the manufacture or delivery of cocaine. Further, the affidavit indicated that the officer confirmed the source's knowledge of firearms.
¶12 Cotton argues that the officer's observation of him leaving the apartment building was not enough to confirm Cotton's ties to apartment #13 specifically. Based on the totality of the circumstances, however, we are satisfied that the affidavit sufficiently tied Cotton to apartment #13. The source was specific as to Cotton's association with apartment #13, and there is nothing to suggest that the source might have been mistaken. On the contrary, the affidavit states that "#13" was displayed on the apartment door.
¶13 Our conclusion that the warrant affidavit was sufficient is supported by United States v. Dismuke , 593 F.3d 582 (7th Cir. 2010), abrogated on other grounds by Edwards v. Jolliff-Blake , 907 F.3d 1052, 1058 (7th Cir. 2018). As the State points out, the facts in Dismuke in many respects resemble those here. A confidential informant reported that Dismuke, a felon, lived at a specific address and that, within the previous week, the informant had seen Dismuke at his home in possession of firearms. Id. at 585. Police showed the informant a photograph of Dismuke, and the informant positively identified him. Id. In addition, police confirmed Dismuke's connection to the premises by checking a state data base, and by observing an automobile registered to Dismuke parked at the premises. Id. Police also consulted court records to confirm that Dismuke was a convicted felon. Id. Police also determined that the informant was able to distinguish between different types of firearms. See id.
¶14 The court in Dismuke concluded that, although the facts presented a "close case," they were sufficient to sustain the warrant. Id. at 587-88. The court held that, "considering the circumstances in their totality and giving 'great deference' to the court commissioner who issued the warrant ... [the] affidavit was sufficient to support the probable-cause finding." Id. at 588.
¶15 Cotton points to minor differences between the facts here and those in Dismuke , but we are not persuaded that these differences undermine the sufficiency of the warrant affidavit to sustain probable cause. We note that the source's information here was in significant ways more compelling than the informant's report in Dismuke . The source here provided comparatively greater detail that included observations of Cotton repeatedly engaged in illegal activity at the location searched. This information strongly suggested that the source was well acquainted with Cotton's illicit activities on an ongoing basis. In Dismuke , in contrast, the informant's report did not make clear whether the informant had observed Dismuke engage in illegal activity on more than one occasion. See id. at 585.
¶16 We turn to Cotton's argument that the police exceeded the scope of the warrant by searching a truck without reason to believe that the truck was associated with Cotton. It appears undisputed that the truck was found at Cotton's apartment building. Cotton argues, however, that this was not enough to connect the truck to Cotton or to apartment #13.
¶17 The State argues that the legality of the truck search is moot. We agree and, therefore, do not address the merits of this issue. "Appellate courts generally decline to reach the merits of an issue that has become moot." PRN Assocs. LLC v. DOA , 2009 WI 53, ¶29, 317 Wis. 2d 656, 766 N.W.2d 559. An issue is moot when "its resolution cannot have any practical effect on the existing controversy." Id.
¶18 The parties agree that the criminal complaint contained no allegations relating to the truck. Further, Cotton has not claimed any prejudice or disadvantage relating to the truck search, nor does Cotton claim that a decision addressing the truck search would otherwise have a practical effect on the existing controversy. Rather, Cotton invokes an exception to the general rule against deciding moot issues providing that the court may decide a moot issue if the issue is one "of great public importance." See id. , ¶29 n.11. We decline to apply this exception because Cotton does not demonstrate how or why the particular truck search here presents an issue of great public importance.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

Because we conclude that the affidavit was sufficient, we do not address the State's alternative argument that the good faith exception applies.

Court Commissioner Barry Phillips issued the warrant. Reserve Judge Dennis Flynn denied Cotton's motion to suppress and presided over plea proceedings. Judge Carolina Stark presided at sentencing.